IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MOO MOO ENTERPRISES, LLC,

Plaintiff, Docket No.

- against -

PHILLIPS AUCTIONEERS LLC,

Defendant.

**VERIFIED COMPLAINT FOR REPLEVIN**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Moo Moo Enterprises, LLC ("MME"), pursuant to New York Civil Procedure Law and Rules Sections 7101 and 7102, files this Verified Complaint for Replevin against defendant Phillips Auctioneers LLC ("Phillips") to replevy certain property in its possession. In support thereof, MME states the following:

**PARTIES**

1. Plaintiff MME is a Delaware limited liability corporation which may be served with process through its registered agent at 838 Walker Road, Suite 21, Dover, Delaware 19904.

2. Defendant Phillips is a Delaware limited liability corporation that is registered to do business in the State of New York with its principal place of business located at 432 Park Avenue, Floor 3, New York, New York 10022.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. Section 1332, the amount in controversy exceeds the sum of $75,000.00

exclusive of interest and costs and there is complete diversity of citizenship as between the Members of MME on the one hand, and Members of Phillips on the other hand.

## FACTS

4. At all times relevant hereto, plaintiff MME, an art collector, owned and continues to own a piece of artwork hereinafter referred to as *Jean-Michel Basquiat, Untitled* (the "Basquiat") that has been valued in excess of Thirty Million ($30,000,000.00) Dollars.

5. At all times relevant hereto, defendant Phillips, served as a destination for international collectors to buy and sell contemporary works of art.

6. On September 23, 2024, MME retained Phillips to sell the Basquiat at an auction that was scheduled in London, UK on October 10, 2024. A copy of the Auction Agreement is annexed hereto as **Exhibit 1**.

7. On October 1, 2024, Phillips was notified by counsel for Empire Chesapeake Holdings, LLC ("Empire"), that Empire had filed a UCC-1 against the Basquiat in an unrelated loan transaction. Empire's counsel threatened legal action against Phillips if Phillips failed to "hold the Basquiat in trust without transferring, selling or otherwise allowing [MME] to reclaim possession of the Basquiat pending further direction from the court." A copy of Empire's October 1, 2024, email and the subsequent email chain is annexed hereto as **Exhibit 2**.

8. After learning of Empire's UCC-1 and because of Empire's threat of litigation, Phillips withdrew the Basquiat from the October 10, 2024, London auction. See Exhibit 2.

9. Immediately upon being advised that the Basquiat had been withdrawn from the October 10, 2024, London auction, MME's counsel immediately contacted Phillips and demanded the return of the Basquiat. See Exhibit 2.

10. On October 2, 204, Phillips' counsel emailed MME's counsel and stated that Phillips "cannot release the Basquiat due to the demand by [Empire's] attorney …" Phillips did not (and could not) provide a legal basis to support its position. See Exhibit 2.

11. On October 7, 2024, MME's counsel emailed Phillips' counsel and expressed her disappointment at Phillips' refusal to return the Basquiat to MME despite their previous commitment to do so. See Exhibit 2.

12. On October 7, 2024, Phillips' counsel emailed MME's counsel and expressed his position that Phillips had the right "to hold onto the [Basquiat] since there is a threat of legal action by [Empire]." The email continues "it is clear from [Empire's] lawyer, that we will be exposed to their claims and legal action if we release the painting back to [MME] or Libbie Mugrabi, as requested by you." Finally, the email states that "Phillips will not release the Basquiat to either Ms. Mugrabi or [MME] or to [Empire], unless and until there is either: (i) a fully executed agreement between them that specifically directs Phillips to release the Basquiat or (ii) a court order is issued from a court of competent jurisdiction that so directs Phillips to release the Basquiat." See Exhibit 2.

13. Under New York law, Phillips cannot refuse to return a piece of artwork to its rightful owner (MME) solely because another party has filed a UCC-1 financing statement against it. The filing of a UCC-1 financing statement does not, in itself, establish ownership or a superior possessory right in the artwork. Instead, it perfects a security interest in the collateral, provided that the underlying security agreement and other requirements of the Uniform Commercial Code are satisfied. However, even a perfected security interest does not grant the secured party the right to retain possession of the artwork against the rightful owner unless the

secured party can establish priority under UCC Article 9. New York courts have consistently held that the rightful owner is entitled to recover the property.

14. Phillips is wrongfully detaining the Basquiat painting. MME is entitled to the immediate possession of the Basquiat painting pursuant to applicable state law.

15. MME hereby reserves any and all of its non-possessory claims against Phillips.

16. All conditions precedent to the filing of this Verified Complaint for Replevin have been performed or have occurred and MME is entitled to immediate possession of the Basquiat painting.

WHEREFORE, MME moves the Court for the following relief:

(a) An Order directing the U.S. Marshal or other appropriate officer of the State of New York to seize the Basquiat painting and deliver same to MME pending a final hearing in this matter;

(b) An Order setting this matter for an expedited hearing;

(c) A judgment declaring that MME is entitled to possession of the Basquiat painting;

(d) Such other and further relief as the Court deems just and appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

REGAN & ASSOCIATES

/s/ Michael J. Regan

Michael J. Regan, Esq.
Attorneys for Plaintiff Moo Moo Enterprises, LLP
445 Hamilton Avenue, Suite 1102
White Plains, NY 10601
(914) 713-8322
mregan@mjreganlaw.com

**VERIFICATION**

I, Michael J. Regan, am the attorney for the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters stated to be alleged on information and belief, and as to those matters, I believe them to be true. I make this verification because the plaintiff is not presently within the district to verify the Complaint, and I am authorized to do so on their behalf. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 2, 2026
White Plains, NY

REGAN & ASSOCIATES

/s/ Michael J. Regan

______________________________

Michael J. Regan, Esq.
Attorneys for Plaintiff Moo Moo Enterprises, LLP
445 Hamilton Avenue, Suite 1102
White Plains, NY 10601
(914) 713-8322
mregan@mjreganlaw.com